**UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
| **IN RE: SHELLS EGGS ANTITRUST LITIGATION** | ) | **MDL No. 3175** |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |

**CERTAIN DEFENDANTS' STATEMENT IN SUPPORT OF MOTION TO TRANSFER
FOR COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. § 1407**

Defendants Cal-Maine Foods, Inc., Rose Acre Farms, Inc., Versova Holdings, LLC, Hillandale Farms (comprised of Hillandale Farms of PA, Inc.; Hillandale-Gettysburg, LLC; Hillandale Farms East, Inc.; Hillandale Farms, Inc., and Hillandale Farms Corporation), Urner Barry Publications, Inc. (d/b/a Expana), Egg Clearinghouse, Inc., United Egg Producers, and Daybreak Foods, Inc. (collectively, "Defendants") respectfully submit this statement in further support of transfer and centralization of these related actions in the United States District Court for the Southern District of Indiana.

Defendants agree that coordination or consolidation pursuant to Section 1407 is warranted in this instance, and join Plaintiff King Kullen Grocery Co.'s ("King Kullen") arguments for centralized litigation in the Southern District of Indiana. Centralization in the Southern District of Indiana best serves the convenience of parties and witnesses and promotes the just and efficient conduct of the litigation. Centralization would not only reduce the risk of inconsistent rulings across all the actions, *In re Digital Advertising Antitrust Litig.*, 555 F. Supp. 3d 1372, 1375 (J.P.M.L. 2021), but also would be appropriate given that the cases assert "substantially identical claims under the Sherman Act," *see In re Deere & Co. Repair Servs. Antitrust Litig.*, 607 F. Supp.

3d 1350, 1351 (J.P.M.L. 2022). The fact that the claims may raise issues pertaining to "indirect purchasers" does not weigh against centralization, for the JPML has "often centralize[d] the claims of direct and indirect purchasers in a single MDL, so long as they arise from a common factual core," like the claims here. *In re Ranbaxy Generic Drug Application Antitrust Litig.*, 355 F. Supp. 3d 1382, 1383 (J.P.M.L. 2019).

Defendants file this statement to further support the contention that the Southern District of Indiana is the most appropriate district in which to centralize these cases because the district has experience presiding over antitrust multidistrict litigations, Indiana has a closer relationship to the litigation than Illinois or Wisconsin, and Indianapolis will offer the most cost-efficient forum for all parties.

## I. THE PANEL SHOULD TRANSFER THE CASES TO THE SOUTHERN DISTRICT OF INDIANA

Transferring the actions to the Southern District of Indiana will "serve the convenience of the parties and witnesses and promote[] the just and efficient conduct of the litigation." *In re Deere & Co. Repair Servs. Antitrust Litig.*, 607 F. Supp. 3d at 1351. As discussed below, the two first-filed actions were brought in the Southern District of Indiana, and Indianapolis's location makes it the most convenient and cost-efficient transferee district for this litigation.

**The presence of two first-filed actions in the Southern District of Indiana supports transfer to that district.** This Panel has previously transferred actions to the district of the "first-filed" action. *In re Broiler Chicken Grower Antitrust Litig.*, 509 F. Supp. 3d 1359, 1362 (J.P.M.L. 2020); *In re Wholesale Grocery Prods. Antitrust Litig.*, 663 F. Supp. 2d 1380, 1381 (J.P.M.L. 2009). Here, the Southern District of Indiana is already home to both of the first-filed actions, *King Kullen Grocery Co., Inc v. Cal-Maine Foods, Inc., et al.*, No. 1:25-cv-02274-SEB-MJD (S.D. Ind.) and *Nineteenseventynine LLC d/b/a The Breakfast Joynt v. Cal-Maine Foods, Inc., et al.*, No. 1:25-cv-02301 (S.D. Ind.).

**The number of cases already pending in the Southern District of Indiana weighs in favor of transfer.** This Panel considers the number of relevant actions filed in the transferee district. *See, e.g.*, *In re Deere & Co. Repair Servs. Antitrust Litig.*, 607 F. Supp. 3d at 1351 (considering the number of related actions pending in the district). There are currently two related cases, *King Kullen and Nineteenseventynine*, pending in the district. Two cases have been filed in the Western District of Wisconsin by the same Plaintiffs' attorneys, and four cases have been filed in the Northern District of Illinois, two of them by the same Plaintiffs' attorneys.

**The Southern District of Indiana is a convenient forum for the parties, attorneys, and witnesses.** In antitrust cases, this Panel has regularly considered both where core defendants are located and where relevant documents and witnesses are likely to be found as key factors in deciding where to transfer a centralized action for pretrial proceedings. *See, e.g.*, *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 509 F. Supp. 3d 1375, 1376 (J.P.M.L. 2020) (transferring actions to district where a defendant maintained offices); *In re Diisocyanates Antitrust Litig.*, 341 F. Supp. 3d 1376, 1378 (J.P.M.L. 2018) (same); *In re Aggrenox Antitrust Litig.*, 11 F. Supp. 3d 1342 (J.P.M.L. 2020) (same); *In re Municipal Antitrust Litig.*, 560 F. Supp. 2d 1386, 1387 (J.P.M.L. 2009) (transferring actions to the Southern District of New York because "relevant documents and witnesses are likely to be found there").

Indiana is home to defendant Rose Acre Farms, Inc. Defendant Cal-Maine Foods, Inc., has more than 100 employees living and working in Indiana as compared to none working in Illinois. Further, as explained in King Kullen's memorandum of law in support of its motion to transfer, Indiana is among the top-*five* egg-producing states in the United States, and a substantial number of egg sales have some connection to Indiana. *In re Interest Rate Swaps Antitrust Litig.*, 190 F. Supp. 3d 1364, 1366 (J.P.M.L. 2016) (selecting the appropriate transferee district based on its

"strong factual connection to this litigation"). For these reasons, a substantial amount of relevant evidence and a number of key witnesses will be found in Indiana.

By contrast, neither Illinois nor Wisconsin is even among the top-***ten*** egg-producing states, and no defendant is headquartered in Illinois. The location of plaintiffs is not a persuasive factor in evaluating an appropriate forum even if they were located in Illinois. *See In re Aqueos Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873, 2021 U.S. Dist. LEXIS 21511, at *5 (J.P.M.L. Feb. 4, 2021) (rejecting plaintiffs' argument that transfer to the District of South Carolina "will cause them inconvenience and prejudice" because "many, if not most, of plaintiffs' witnesses are located in California and Missouri"). And here, the named plaintiffs in the actions filed in the Northern District of Illinois, aside from one (*see* Compl. ¶ 20, *Price, India, et al. v. Cal-Maine Foods, Inc., et al.)*, do not even plead a relationship to Illinois. The named plaintiffs in those actions are citizens of or reside in Washington, D.C., California, Florida, and New York, and none claims to have purchased eggs produced by Defendants in Illinois. Compl. ¶ 36, *Yell-O-Glow Corp. v. Cal-Maine Foods, Inc., et al.*, No. 25-cv-15084 (N.D. Ill. Dec. 11, 2025); Compl. ¶¶ 18–19, 21–22, 25, 28, *Habash, et al. v. Urner Barry Publications, Inc., et al.*, 1:25-cv-14112 (N.D. Ill. Nov. 18, 2025); Compl. ¶ 23, *Phil-n-Cindy's Lunch, Inc. v. Cal-Maine Foods, Inc., et al.*, 1:25-cv-14082 (N.D. Ill. Nov. 17, 2025); Compl. ¶ 23, *Birchmans Parisian, LLC v. Cal-Maine Foods, Inc., et al.*, 1:25-cv-14030 (N.D. Ill. Nov. 14, 2025). As such, it is significantly less likely that a meaningful amount of relevant evidence or meaningful number of key witnesses will be found in either Illinois or Wisconsin.

Logistically, proceeding in Indianapolis will minimize litigation costs, as compared to litigating in either Chicago or Madison. For example, in relation to Chicago, the available data on per diem rates for Federal employees over the next 10 months demonstrate that the cost of traveling to and proceeding through litigation in Indianapolis during that time will be approximately 24

percent lower than doing so in Chicago.[1] Additionally, compared to Madison, Indianapolis is less remote, more centrally located, and offers more opportunity for travel, accommodation, and transportation. As noted in King Kullen's Memorandum, Indianapolis is close to the Indianapolis International Airport, with many nonstop flights across the United States, and with an abundance of hotels, taxis and car rental agencies, making it a convenient forum for all parties and witnesses.

**The Southern District of Indiana can ably preside over the centralized action.** The Panel considers the ability of the proposed district and the presiding judge to handle the consolidated cases. *In re Deere & Co.*, 607 F. Supp. 3d at 1351. Judges in the Southern District of Indiana have experience with multidistrict litigations, including in antitrust multidistrict litigations, having presided over *In re Ready-Mixed Concrete Antitrust Litig.*, No. 1:05-cv-00979 (S.D. Ind.). In contrast, the Western District has relatively little experience with multidistrict litigation. *See Fiscal Year 2024 Report of the Judicial Panel on Multidistrict Litigation*, https://www.jpml.uscourts.gov/sites/jpml/files/JPML_Fiscal_Year_2024_Statistical_Analysis-11-15-2024_0.pdf, p.10.

As compared to the Northern District of Illinois, the Southern District of Indiana is the more available forum for this litigation. As of December 2, 2025, the Southern District of Indiana has only one pending product liability multidistrict litigation. *See MDL Statistics Report – Distribution of Pending MDL Dockets by District*, Jud. Panel on Multidistrict Litig. (Dec. 2, 2025), https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-December-2-2025.pdf. In contrast, there are 12 multidistrict litigations pending in the Northern District of Illinois. *Id.*

---

[1] Lodging and Meals & Incidental Expenses from December, 2025 through September, 2026 will be approximately $2,130 in Indianapolis, compared to $2,817 in Chicago. *See* U.S. General Services Administration Per Diem rates: Indianapolis (https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-results?action=perdiems_report&fiscal_year=2026&state=IN&city=indianapolis&zip=), Chicago (https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-results?action=perdiems_report&fiscal_year=2026&state=IL&city=chicago&zip=).

## II.   CONCLUSION

All parties will benefit from proceeding with this litigation in the Southern District of Indiana over any other available forum. For the foregoing reasons, Defendants respectfully join Plaintiff King Kullen Grocery Co.'s Motion for Transfer and Coordination or Consolidation, and ask that the Panel order that the related actions, as well as all subsequent tag-along-actions, be transferred to and centralized in the Southern District of Indiana for consolidated or coordinated pretrial proceedings.

Dated:  December 15, 2025

VERSOVA HOLDINGS, LLC

By:    /s/ Robin P. Sumner
    Robin P. Sumner
    Robin.Sumner@troutman.com
    TROUTMAN PEPPER LOCKE LLP
    3000 Two Logan Square, 18th & Arch Streets
    Philadelphia, PA 19103
    Telephone: 215-981-4652

URNER BARRY PUBLICATIONS, INC.

By:    /s/ Robert Y. Sperling
    Robert Y. Sperling
    Rsperling@paulweiss.com
    PAUL, WEISS, RIFKIND, WHARTON &
    GARRISON LLP
    1285 Avenue of the Americas
    New York, NY 10019-6064

ROSE ACRE FARMS, INC.

By:    /s/ Jay L. Levine
    Jay L. Levine
    Jlevine@porterwright.com
    PORTER, WRIGHT, MORRIS & ARTHUR
    LLP
    2020 K Street, NW Suite 600
    Washington, DC 20006
    Telephone: 202-778-3021

**DAYBREAK FOODS, INC., EGG CLEARINGHOUSE, INC., & UNITED EGG PRODUCERS**

By: ___/s/ Christopher E. Ondeck___
    Christopher E. Ondeck
    condeck@proskauer.com
    PROSKAUER ROSE LLP
    1001 Pennsylvania Ave., N.W.,
    Suite 600 South
    Washington, DC 20004
    Telephone: 202-416-5865

**CAL-MAINE FOODS, INC.**

By: ___/s/ Olivia Adendorff___
    Olivia Adendorff
    Olivia.adendorff@kirkland.com
    KIRKLAND & ELLIS LLP
    4550 Travis Street
    Dallas, TX 75205
    Telephone: 214-972-1770

**HILLANDALE FARMS OF PA., INC., HILLANDALE-GETTYSBURG, LLC, HILLANDALE FARMS, INC., HILLANDALE FARMS EAST, INC., AND HILLANDALE FARMS CORPORATION**

By: ___/s/ Gregory A. Neibarger___
    Gregory A. Neibarger
    Greg.neibarger@dentons.com
    DENTONS BINGHAM GREENEBAUM LLP
    2700 Market Tower
    10 West Market Street
    Indianapolis, IN 46204
    Telephone: 317-635-8900
    Fax: 316-236-9907

| In re: Shell Eggs Antitrust Litigation | MDL No. 3175 |
|---|---|

**<u>SCHEDULE OF RELATED ACTIONS</u>**

| Exhibit | Parties | Court | Case No. | Judge |
|---|---|---|---|---|
| A | **Plaintiff:** King Kullen Grocery Co., Inc.<br>**Defendant:** Cal-Maine Foods, Inc.; Rose Acre Farms, Inc.; Versova Holdings, LLC; Hillandale Farms of Pa., Inc.; Hillandale-Gettysburg, LLC.; Hillandale Farms East, Inc.; Hillandale Farms, Inc.; Daybreak Foods, Inc.; Urner Barry Publications, Inc. d/b/a Expana; Egg Clearinghouse, Inc., United Egg Producers, and John Does 1-10 | S.D. Ind. | 1:25-cv-02274 | Tanya Walton  Pratt |
| B | **Plaintiff**: Nineteenseventynine LLC d/b/a The Breakfast Joynt<br>**Defendants:** Cal-Maine Foods, Inc.; Rose Acre Farms, Inc.; Versova Holdings, LLC; Hillandale Farms of Pa., Inc.; Hillandale-Gettysburg, LLC.; Hillandale Farms East, Inc.; Hillandale Farms, Inc.; Daybreak Foods, Inc.; Urner Barry Publications, Inc. d/b/a Expana; Egg Clearinghouse, Inc.; United Egg Producers; and John Does 1-10 | S.D. Ind. | 1:25-cv-02301 | Richard L. Young |
| C | **Plaintiff:** Birchmans Parisian, LLC (d/b/a Lisciandro's Restaurant)<br>**Defendants:** Cal-Maine Foods, Inc.; Rose Acre Farms, Inc.; Versova Holdings, LLC; Hillandale Farms of Pa., Inc.; Hillandale-Gettysburg, LLC.; Hillandale Farms East, Inc.; | N.D. Ill. | 1:25-cv-14030 | Steven C. Seeger |

| | | | | |
|---|---|---|---|---|
| | Hillandale Farms, Inc.; Daybreak Foods, Inc.; Urner Barry Publications, Inc. d/b/a Expana; Egg Clearinghouse, Inc.; United Egg Producers; and John Does 1-10 | | | |
| D | **Plaintiff:** Matthew Edlin **Defendants:** Cal-Maine Foods, Inc.; Rose Acre Farms, Inc.; Versova Holdings, LLC; Hillandale Farms of Pa., Inc.; Hillandale-Gettysburg, LLC.; Hillandale Farms East, Inc.; Hillandale Farms, Inc.; Daybreak Foods, Inc.; Urner Barry Publications, Inc.; Egg Clearinghouse, Inc.; United Egg Producers; and John Does 1-10 | W.D. Wis. | 3:25-cv-00946 | James D. Peterson |
| E | **Plaintiff:** Phil-N-Cindy's Lunch, Inc. **Defendants:** Cal-Maine Foods, Inc.; Rose Acre Farms, Inc.; Hillandale Farms Corp.; Daybreak Foods, Inc.; Versova Holdings, LLC; and Doe Defendants 1-20 | N.D. Ill. | 1:25-cv-14082 | Edmond E. Chang |
| F | **Plaintiffs:** Tariq Habash; Delia Govea; Andrew Phillips; and Catalina Torres **Defendants:** Urner Barry Publications, Inc.; Cal-Maine Foods, Inc.; Rose Acre Farms, Inc.; Hillandale Farms Corp.; Daybreak Foods, Inc.; Opal Foods LLC | N.D. Ill. | 1:25-cv-14112 | Sharon Johnson Coleman |
| G | **Plaintiff:** Yell-O-Glow Corporation **Defendants:** Cal-Maine Foods, Inc.; Daybreak Foods, Inc.; Hillandale Farms Corp.; Rose Acre Farms, Inc.; Versova Holdings, LLC | N.D. Ill. | 1:25-cv-15084 | April M. Perry |
| H | **Plaintiffs:** India Price; Lakia Session; and Karen Solomon **Defendants:** Cal-Maine Foods, Inc.; Rose Acre Farms, Inc.; Versova Holdings, LLC; | W.D. Wis. | 3:25-cv-1016 | James D. Peterson |

| | Hillandale Farms of Pa., Inc.; Hillandale-Gettysburg, LLC.; Hillandale Farms East, Inc.; Hillandale Farms, Inc.; Daybreak Foods, Inc.; Urner Barry Publications, Inc.; Egg Clearinghouse, Inc.; United Egg Producers | | | |
| --- | --- | --- | --- | --- |

## <u>PROOF OF SERVICE</u>

In accordance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I, Robin P. Sumner, an attorney, certify that a copy of the foregoing Statement and this Proof of Service, were electronically filed with the Clerk of the Court through the CM/ECF System and served on all parties via ECF, email or First Class U.S. Mail, postage-pre-paid, on December 15, 2025.

*/s/ Robin P. Sumner*