BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: Shell Eggs Antitrust Litigation | MDL No. 3175 |

**PLAINTIFF NINETEENSEVENTYNINE LLC'S RESPONSE TO PLAINTIFF KING KULLEN GROCERY CO., INC.'S MOTION FOR TRANSFER**

Plaintiff Nineteenseventynine LLC[1] ("Nineteenseventynine") respectfully submits this response to Plaintiff King Kullen Grocery Co., Inc.'s ("King Kullen") Motion for Transfer and Coordination or Consolidation Under 28 U.S.C. § 1407, ECF No. 1 ("Motion"). Nineteenseventynine filed its case in the Southern District of Indiana on November 10, 2025, and proposes transfer to the Western District of Wisconsin for coordinated or consolidated pretrial proceedings.[2]

Like King Kullen, Nineteenseventynine supports centralization under 28 U.S.C. § 1407. However, Nineteenseventynine disputes that the Southern District of Indiana is the most appropriate transferee forum. Instead, the most appropriate transferee forum to promote the justice and efficiency of these actions is the Western District of Wisconsin before Chief Judge James D. Peterson, where two of the Related Actions are already pending.[3]

---

[1] *Nineteenseventynine LLC v. Cal-Maine Foods, Inc., et al.*, 1:25-cv-02301-RLY-MJD (S.D. Ind.).
[2] Nineteenseventynine filed the second complaint of the Related Actions in the Southern District of Indiana to avoid creating multidistrict litigation. *See In re: Best Buy Co., Inc., California Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011) ("[C]entralization under Section 1407 should be the last solution after considered review of all other options."). However, for the reasons stated here, the Western District of Wisconsin is a more favorable district to serve this litigation.
[3] *See King Kullen Grocery Co., Inc. v. Cal-Maine Foods, Inc. et al.*, Civil No. 1:25cv2274 (S.D. Ind.); *Matthew Edlin v. Cal-Maine Foods, Inc., et al.*, 3:25-cv946 (W.D. Wis.); *India Price, Lakia Session, and Karen Solomon v. Cal-Maine Foods, Inc., et. al.*, 3:25-cv-1016 (W.D. Wis).

1

ARGUMENT

I. **The Western District of Wisconsin Is the Most Appropriate Forum for Centralization.**

In determining the appropriate transferee district, the Panel considers a variety of factors, including: (1) whether the district "offers a forum that is both convenient and accessible for the parties and witnesses"; (2) the location of "relevant witnesses and evidence"; (3) the support of parties for centralization in the district; and (4) the experience of the transferee judge and district in navigating "the nuances of complex and multidistrict litigation." *In re: Aggrenox Antitrust Litig.*, 11 F. Supp. 3d 1342, 1343 (J.P.M.L. 2014). As set forth below, the Western District of Wisconsin is the most appropriate forum for centralization.

Important practical considerations support transfer to the Western District of Wisconsin. Docket conditions are more favorable in the Western District of Wisconsin as compared to the other proposed transferee district—the Southern District of Indiana. The Western District of Wisconsin has only 613 pending cases per judgeship, which is the fewest of the proposed transferee districts.[4]

|  | W.D. Wis. | S.D. Ind. |
| --- | --- | --- |
| **Pending Actions Per Judgeship** | 613 | 2,147 |

As of December 2, 2025, the Western District of Wisconsin does not have an assigned MDL.[5] The JPML recognizes that centralization is appropriate in a district with "general docket conditions conducive to the efficient resolution of this litigation." *In re: Skechers Toning Show*

---

[4] National Judicial Caseload Profile, U.S. Dist. Cts., at 51, 53, *available at* https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile0331.2025.pdf.
[5] Distribution of Pending MDL Dockets by District, MDL Statistics Report, *available at* https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-December-2-2025.pdf.

*Products Liability Litig.*, 831 F. Supp. 2d 1367, 1370 (J.P.M.L. 2011); *Peruvian Road Litig.*, 380 F. Supp. 796, 798 (J.P.M.L. 1974) (court docket conditions and "quick attention to [the] litigation" are relevant factors in selecting a transferee court); *In re: DePuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liability Litig.*, 787 F. Supp. 2d 1358, 1361 (J.P.M.L. 2011) (ordering transfer to a District "that enjoys favorable docket conditions" and a judge with "the caseload conditions conducive to handling this litigation"); *In re ClassicStar Mare Lease Litig.*, 528 F. Supp. 2d 1345, 1347 (J.P.M.L. 2007) (transferee court considerations favor the forum with "the resources available to manage [the] litigation").

Next, numerous witnesses and evidence pertinent to discovery are likely located in Wisconsin. Defendant Daybreak Foods, Inc.—one of the largest egg producers in the United States and participant in Defendants' conspiracy—is headquartered in the Western District of Wisconsin.[6] Located in Lake Mills, Wisconsin, Daybreak Foods is about 27 miles from the Federal Courthouse in Madison, Wisconsin.[7] As of December 15, 2025, plaintiffs in each of the Related Actions have named Daybreak Foods as a Defendant. In determining the appropriate transferee venue, the JPML routinely centralizes related actions in a district where a principal defendant conducts its operations. *See, e.g., In re "Factor VIII or IX Concentrate Blood Products" Prod. Liab. Litig.*, 853 F. Supp 454, 455 (J.P.M.L. 1993) ("In selecting the Northern District of Illinois as the transferee forum, we note that… one principal defendant is headquartered in Illinois"); *In re Nissan N. Am., Inc., Odometer Litig. (NO. II)*, 542 F Supp. 2d 1367, 1369 (J.P.M.L. 2008) (ordering transfer to a District where Defendant's headquarters was located and where relevant discovery would likely

---

[6] Compl., Dkt. No. 1 at ¶ 42, *Nineteenseventynine LLC, et al. v. Cal-Maine Foods, Inc., et al.*, 1:25-cv-2301 (S.D. Ind. Nov. 10, 2025).
[7] Google Maps, (created Dec. 14, 2025), https://www.google.com/maps/dir/Lake+Mills,+Wisconsin+53551/U.S.+Federal+Court,+North+Henry+Street,+Madison,+WI.

3

be found). It follows that common evidence, such as witnesses and documents, are likely located in the Western District of Wisconsin. Accordingly, Daybreak Foods' presence in the Western District of Wisconsin strongly supports centralization there.

In addition, Madison's metropolitan area is both easily accessible and a convenient location for this MDL. Madison's Dane County Regional Airport is a 15-minute drive from the U.S. Federal Court for the Western District of Wisconsin, offering flights to most major U.S. cities.[8] Madison also has a variety of options for hotel stays and office space. Additionally, Milwaukee Mitchell International Airport is close by.[9]

Finally, Chief Judge Peterson is both a capable and accomplished jurist with recent experience successfully managing an antitrust case to resolution. The JPML has favored assigning MDL matters to jurists who the JPML is confident will prudently steer litigation to resolution. *See In re: DePuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liability, Litig.*, 787 F.Supp.2d 1358, 1360 (J.P.M.L. 2011) (ordering forum transfer to a transferee judge with "the caseload conditions [and ability to] steer this litigation on a prudent course."). Chief Judge Peterson recently guided an antitrust action, *Loop, LLC v. CDK Global, LLC*, to its settlement resolution in September 2025.[10] Chief Judge Peterson also has the caseload conditions conducive to managing this MDL.[11] Additionally, while Plaintiffs Edlin and Price correctly note that Chief Judge Peterson has had "MDL-related" case experience[12], Chief Judge Peterson has not yet had the opportunity to

---

[8] Where We Fly, Dane County Regional Airport, https://www.msnairport.com/flight_travel/where.
[9] Google Maps, (created Dec. 14, 2025) https://www.google.com/maps/dir/Milwaukee+Mitchell+International+Airport+(MKE),+South+Howell+Avenue,+Milwaukee,+WI/U.S.+Federal+Court,+120+N+Henry+St+%23320,+Madison,+WI.
[10] *See Loop, LLC v. CDK Global, LLC,* Civil No 3:24-cv-571 (W.D. Wis.).
[11] *See supra* n.4
[12] Plaintiff Edlin and Price Response, Dkt. No. 35 at Page 7.

preside over his own MDL. The JPML has favored assigning MDL matters to capable jurists who have not yet presided over one. *See In re 21st Century Oncology Customer Data Sec. Breach Litig.*, 214 F. Supp. 3d 1357, 1358 (J.P.M.L. 2016) ("We assign these cases to Judge Mary S. Scriven …, an experienced jurist who has not yet had the opportunity to preside over an MDL"); *In re Atrium Med. Corp. C-Qur Mesh Prods. Liab. Litig.*, 223 F. Supp. 3d 1355, 1357 (J.P.M.L. 2016) ("By selecting the Honorable Landya B. McCafferty to preside over this litigation, we are selecting a jurist with the willingness and ability to handle this litigation, but who has not yet had the opportunity to preside over an MDL"). Accordingly, Chief Judge Peterson's ability and readiness to preside over this MDL support transfer to the Western District of Wisconsin.

## II. Other Proposed Districts Are Not as Appropriate as the Western District of Wisconsin for Centralization.

Nineteenseventynine respectfully submits that the Southern District of Indiana and the Northern District of Illinois suffer from defects that render them less appropriate for this MDL than the Western District of Wisconsin.

In support of the Southern District of Indiana, King Kullen points to the District's favorable docket conditions and single pending MDL. Other parties may argue that the Northern District of Illinois provides an appropriate venue. These arguments, however, lose their force under closer scrutiny as addressed in the previous section. The Southern District of Indiana's 2,147 pending cases per judgeship is more than triple the pending cases per judgeship in the Western District of Wisconsin.[13] The Northern District of Illinois' 1,049 pending cases per judgeship is almost double that of the Western District of Wisconsin.[14] As of March 31, 2025, the Southern District of Indiana and the Northern District of Illinois had 715 and 670 civil filings per judgeship, respectively, both

---

[13] *See supra* n.4
[14] *See supra* n.4

outnumbering the 498 civil filings per judgeship in the Western District of Wisconsin.[15] Additionally, the median time from filing to disposition in civil cases was 12.3 months in the Southern District of Indiana as compared to the 7.3 months for civil cases in the Western District of Wisconsin.[16] Given these docket conditions, the Southern District of Indiana and the Northern District of Illinois are less suitable transferee districts than the Western District of Wisconsin. *See In re Plum Baby Food Litig.*, 2021 WL 3271213, at *4 (N.D. Cal. July 30, 2021) (order denying transfer to the District of New Jersey because of its higher "relative court congestion" as compared to the Northern District of California).

## CONCLUSION

For the foregoing reasons, Nineteenseventynine respectfully requests that the Panel centralize the Related Actions in the Western District of Wisconsin.

Dated: December 15, 2025

Respectfully submitted,

/s/ David M. Cialkowski
David M. Cialkowski
Ian F. McFarland
Zachary J. Freese
Giselle M. Webber
**ZIMMERMAN REED LLP**
1100 IDS Center
80 S. 8th St.
Minneapolis, MN 55402
Tel: (612) 341-0400
Fax: (612) 341-0844
david.cialkowski@zimmreed.com
ian.mcfarland@zimmreed.com
zachary.freese@zimmreed.com
giselle.webber@zimmreed.com

Tyler Ewigleben
**JENNINGS & EARLEY PLLC**

---

[15] *See supra* n.4
[16] *See supra* n.4

500 President Clinton Avenue, Suite 110
Little Rock, AR 72201
Tel: (601) 270-0197
tyler@jefirm.com

Michael J. Flannery
**CUNEO GILBERT & LADUCA, LLP**
Two City Place Drive
Second Floor
St. Louis, MO 63141
(314) 226-1015
mflannery@cuneolaw.com

Evelyn Riley (*pro hac vice* forthcoming)
Daniel Cohen (*pro hac vice* forthcoming)
Cody McCracken (*pro hac vice* forthcoming)
**CUNEO GILBERT & LADUCA, LLP**
2445 M St. NW, Suite 740
Washington, DC 20037
Telephone: (202) 789-3960
evelyn@cuneolaw.com
danielc@cuneolaw.com
cmccracken@cuneolaw.com

John "Don" Barrett (*pro hac vice* forthcoming)
Katherine Barrett Riley (*pro hac vice* forthcoming)
Sterling Aldridge (admitted *pro hac vice*)
**BARRETT LAW GROUP, P.A.**
404 Court Square
Lexington, Mississippi 39095
Telephone: (662) 834-2488
dbarrett@barrettlawgroup.com
kbriley@barrettlawgroup.com
saldridge@barrettlawgroup.com

Shawn M. Raiter (admitted *pro hac vice*)
Matthew Bratvold Bolt (admitted *pro hac vice*)
**LARSON · KING, LLP**
30 East Seventh St, Suite 2800
St. Paul, MN 55101
(651) 312-6500 Telephone
sraiter@larsonking.com
mbolt@larsonking.com

*Counsel for Plaintiff Nineteenseventynine LLC d/b/a The Breakfast Joynt*