**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**


**NOTICE OF HEARING SESSION**


Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:          **January 29, 2026**

LOCATION OF HEARING SESSION:   James M. Carter and Judith N. Keep U.S. Courthouse
                                                        333 W. Broadway, Suite 420
                                                        San Diego, CA 92101



TIME OF HEARING SESSION:  In those matters designated for oral argument, counsel requesting oral argument must be present at **8:00 a.m.** in order for the Panel to allocate the amount of time for oral argument.  Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS:  Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for Transfer filed pursuant to Rules 6.1 and 6.2.  Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c).  Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument.  The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district.  Any change in position should be conveyed to Panel staff before the beginning of oral argument.  Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

- A transcript of the oral argument will be filed in each docket when it becomes available. Parties who wish to order a transcript may obtain the court reporter's contact information from the court reporter at the hearing or from the Panel at 202-502-2800 following the hearing.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **January 5, 2026.** The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

FOR THE PANEL:

James V. Ingold

James V. Ingold
Clerk of the Panel

cc: Clerk, United States District for the Southern District of California

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

## HEARING SESSION ORDER

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on January 29, 2026, the Panel will convene a hearing session in San Diego, California to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c).  The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

SCHEDULE OF MATTERS FOR HEARING SESSION

January 29, 2026 −− San Diego, California

## SECTION A
## MATTERS DESIGNATED FOR ORAL ARGUMENT

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 3171 −  **IN RE: LYFT, INC. PASSENGER SEXUAL ASSAULT LITIGATION**

   Motion of plaintiff J.E. to transfer the following actions to the United States District Court for the Northern District of California or, alternatively, the United States District Court for the Western District of Washington:

Northern District of California

MEANS v. LYFT, INC., C.A. No. 3:24−00177
SPANO v. LYFT, INC., C.A. No. 3:24−00799
STENCEL v. LYFT, INC., C.A. No. 3:24−01535
DOE NLG (B.J.) v. LYFT, INC., C.A. No. 3:25−07369
DOE CM v. LYFT, INC., ET AL., C.A. No. 3:25−07396
DOE (I.H.) v. LYFT, INC., ET AL., C.A. No. 3:25−07412
DOE (S.M.) v. LYFT, INC., C.A. No. 3:25−07929
DOE (R.P.) v. LYFT, INC., C.A. No. 3:25−07930

Northern District of Georgia

J.S. v. LYFT, INC., ET AL., C.A. No. 1:25−05350

Central District of Illinois

BLAND v. LYFT, INC., C.A. No. 2:25−02236

District of Massachusetts

A.D. v. LYFT, INC., ET AL., C.A. No. 1:25−12423

District of Maryland

J.E. v. LYFT, INC., ET AL., C.A. No. 1:25−02786

- 2 -

Western District of North Carolina

K.S. v. LYFT, INC., ET AL., C.A. No. 3:25−00649

Southern District of New York

CLF L001 v. LYFT, INC., C.A. No. 7:25−08206

Northern District of Texas

JANE DOE (E.J.) v. LYFT, INC., C.A. No. 3:25−02464

Southern District of Texas

DOE v. LYFT, INC., C.A. No. 4:25−04346

Western District of Washington

K.T. v. LYFT, INC., ET AL., C.A. No. 2:25−01589

MDL No. 3172 −   **IN RE: CARTIVA SYNTHETIC CARTILAGE IMPLANT PRODUCTS LIABILITY LITIGATION**

Motion of plaintiffs Robert Connor, Kelly Peachey, Robert DiDonato, Judy Kiel and Dwain Phillips to transfer the following actions to the United States District Court for the Southern District of West Virginia:

Western District of Kentucky

PHILLIPS v. CARTIVA, INC., C.A. No. 5:25−00185

District of Maryland

CONNOR v. CARTIVA, INC., C.A. No. 8:24−03525

Eastern District of North Carolina

KIEL v. CARTIVA, INC., C.A. No. 5:25−00572

Western District of Pennsylvania

DIDONATO v. CARTIVA, INC., C.A. No. 2:25−00187
PEACHEY v. CARTIVA, INC., C.A. No. 2:25−01217

Southern District of West Virginia

HUGHES v. CARTIVA, INC., ET AL., C.A. No. 2:24−00319
MAY v. CARTIVA, INC., ET AL., C.A. No. 2:24−00687

MDL No. 3173 −  **IN RE: DIAMOND TUCKER ST. PROPERTY, LLC LITIGATION**

   Motion of plaintiffs Diamond Tucker St. Property, LLC, Redemption, LLC and Westfair, LLC, to transfer the following actions to the United States District Court for the Northern District of New York:

District of Connecticut

PUPOVIC, ET AL. v. DIAMOND TUCKER ST. PROPERTY, LLC, ET AL.,
   C.A. No. 3:24−01969

District of Maryland

FILLINICH v. PUPOVIC, ET AL., C.A. No. 8:25−03512

Northern District of New York

DIAMOND TUCKER ST. PROPERTY, LLC, ET AL. v. PUPOVIC, ET AL.,
   C.A. No. 1:25−01204

Southern District of New York

DIAMOND TUCKER ST. PROPERTY, LLC v. WATSON, ET AL.,
   C.A. No. 1:25−01746
WESTFAIR LLC v. PUPOVIC, ET AL., C.A. No. 7:24−05879
DIAMOND TUCKER ST. PROPERTY, LLC v. PUPOVIC, ET AL.,
   C.A. No. 7:24−08373
DIAMOND TUCKER ST. PROPERTY, LLC, ET AL. v. PUPOVIC, ET AL.,
   C.A. No. 7:25−06336

District of South Carolina

DIAMOND TUCKER ST. PROPERTY, LLC v. WATSON,
   C.A. No. 2:25−13006

MDL No. 3174 −  **IN RE: AIR CRASH AT MUAN INTERNATIONAL AIRPORT, SOUTH KOREA ON DECEMBER 29, 2024**

Motion of defendant The Boeing Company to transfer the following actions to the United States District Court for the Northern District of Illinois:

Northern District of Illinois

LEE MYUNG JA v. THE BOEING COMPANY, C.A. No. 1:25−10509
KIM DA HYE v. THE BOEING COMPANY, C.A. No. 1:25−10512
KANG SEUNG YANG v. THE BOEING COMPANY, C.A. No. 1:25−10513

Eastern District of Virginia

CHOI MAK RE v. THE BOEING CO., C.A. No. 1:25−01876
BAE HYUN JUN v. THE BOEING CO., C.A. No. 1:25−01881
KIM SUNG CHEOL v. THE BOEING CO., C.A. No. 1:25−01883

Western District of Washington

PARK SOO-YONG, ET AL. v. THE BOEING COMPANY, C.A. No. 2:25−02204

MDL No. 3175 −  **IN RE: SHELL EGGS ANTITRUST LITIGATION**

Motion of plaintiff King Kullen Grocery Co., Inc., to transfer the following actions to the United States District Court for the Southern District of Indiana:

Northern District of Illinois

BIRCHMANS PARISIAN, LLC v. CAL-MAINE FOODS, INC., ET AL.,
   C.A. No. 1:25−14030
PHIL-N-CINDY'S LUNCH, INC. v. CAL-MAINE FOODS, INC.,
   ET AL., C.A. No. 1:25−14082
HABASH, ET AL. v. URNER BARRY PUBLICATIONS, INC., ET AL.,
   C.A. No. 1:25−14112

Southern District of Indiana

KING KULLEN GROCERY CO., INC. v. CAL-MAINE FOODS, INC.,
   ET AL., C.A. No. 1:25−02274
NINETEENSEVENTYNINE D/B/A THE BREAKFAST JOYNT v.
   CAL-MAINE FOODS, INC., ET AL., C.A. No. 1:25−02301

- 5 -

<u>Western District of Wisconsin</u>

EDLIN v. CAL-MAINE FOODS, INC., ET AL.,
    C.A. No. 3:25−00946

## SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2873 − **IN RE: AQUEOUS FILM−FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

   Motions of defendants 3M Company and Arcwood Environmental – East Liverpool, Inc., et al., to transfer the *Moretz, Scott*, and *Weirton Area Water Board* actions to the United States District Court for the District of South Carolina and oppositions of plaintiffs Board of Water Supply, City and County of Honolulu, and Aqua Pennsylvania, Inc., to transfer of their respective following actions to the United States District Court for the District of South Carolina:

   Eastern District of Pennsylvania

   AQUA PENNSYLVANIA, INC. v. ARKEMA INC., C.A. No. 2:25−01101

   Eastern District of Virginia

   MORETZ v. 3M COMPANY, ET AL., C.A. No. 2:25−00616
   SCOTT, ET AL. v. 3M COMPANY, ET AL., C.A. No. 2:25−00617

   Northern District of West Virginia

   WEIRTON AREA WATER BOARD, ET AL. v. HERITAGE THERMAL SERVICES, INC., ET AL., C.A. No. 5:25−00126

   District of Hawaii

   BOARD OF WATER SUPPLY, CITY AND COUNTY OF HONOLULU v. UNITED STATES OF AMERICA, C.A. No. 1:25−00271

MDL No. 3108 − **IN RE: CHANGE HEALTHCARE, INC., CUSTOMER DATA SECURITY BREACH LITIGATION**

   Oppositions of plaintiffs Radiology Associates and Diagnostic Imaging Alliance of Louisville, P.S.C., to transfer of the following action to the United States District Court for the District of Minnesota:

   Middle District of Tennessee

   DIAGNOSTIC IMAGING ALLIANCE OF LOUISVILLE, P.S.C. v. CHANGE HEALTHCARE OPERATIONS, LLC, ET AL., C.A. No. 3:25−00470

MDL No. 3114 − **IN RE: AT&T INC. CUSTOMER DATA SECURITY BREACH LITIGATION**

Opposition of plaintiff Nathaniel Wayne to transfer of the following action to the United States District Court for the Northern District of Texas:

Northern District of Alabama

WAYNE v. AT&T, ET AL., C.A. No. 2:25−01882

MDL No. 3126 − **IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH LITIGATION**

Opposition of plaintiff Christopher M. Jones to transfer of the following action to the United States District Court for the District of Montana:

Eastern District of California

JONES v. AT&T INC., C.A. No. 2:25−02952

MDL No. 3153 − **IN RE: COINBASE CUSTOMER DATA SECURITY BREACH LITIGATION**

Opposition of plaintiff Jose Teixiera to transfer of the following action to the United States District Court for the Southern District of New York:

District of South Dakota

TEIXEIRA v. COINBASE GLOBAL, INC., ET AL., C.A. No. 5:25−05074

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

(a)    Schedule. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

(b)    Oral Argument Statement. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard.  Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

(i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

(c)    Hearing Session. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

(i) the dispositive issue(s) have been authoritatively decided; or

(ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.  Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

(d)    Notification of Oral Argument. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

(i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

(ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

(e)    Duty to Confer. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

(f)    Time Limit for Oral Argument. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.