BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: SHELL EGGS ANTITRUST LITIGATION | MDL No. 3175 |

## RESPONSE IN SUPPORT OF MOTION TO TRANSFER

Pursuant to 28 U.S.C. §1407 and Rule 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiffs Mary Hudson and Amy Sparrow (*Hudson et al. v. Cal-Maine Foods, Inc. et al.*), Case No. 1:25-cv-2573, S.D. Ind., filed December 19, 2015, "The Hudson Action") hereby submits this response to the pending motion to transfer noticed to the Clerk of the Judicial Panel on Multi-District Litigation ("JPML") in the action captioned above. Plaintiff supports the Motion for Transfer and Consolidation (ECF No. 1) as well as Movant King Kullen Grocery Co., Inc.'s ("King Kullen") suggested venue, the Southern District of Indiana.

## ARGUMENT

All Parties to this MDL agree that the related actions should properly by centralized and transferred by this Panel (*see* ECF Nos. 1, 35, 36, 38, 39, and 40).

As of this writing, there are 10 related cases that have been noticed as part of this MDL: four in the Southern District of Indiana (including the Hudson Action), four in the Northern District of Illinois, and two in the Western District of Wisconsin. All Parties agree that the MDL is properly located within the boundaries of the United States Court of Appeals for the Seventh Circuit. In addition, all Defendants agree that the case is properly located in the Southern District of Indiana (ECF No. 36) as does the original movant (ECF No. 1).

As others have noted, Defendant Rose Acre Farms, Inc. has its headquarters located within the Southern District of Indiana. Further, the other Defendants in this case have their headquarters

in Mississippi, Iowa, Pennsylvania, New Hampshire, New Jersey, and Georgia. To the extent that there is a natural locus for this MDL, it is the furthest east of the suggested transfer venues.

This Panel has routinely found that a common defendant's principal place of business is a key consideration in transferring and centralizing MDLs. *See, e.g., In re Evolve Bank & Trust Customer Data Security Breach Litig.*, 753 F.Supp.3d 1377, 1378 (J.P.M.L. 2024); *In re Snowflake, Inc. Data Security Breach Litig.*, 753 F.Supp.3d 1368, 1373 (J.P.M.L. 2024). As the Southern District of Indiana is the only suggested transferee venue home to one of the Defendants, it is the most logical location for this MDL.

Additionally, while responses from Parties seeking to centralize this MDL in the Northern District of Illinois have noted unconfirmed reports that the United States Department of Justice is leading an investigation into the underlying allegations of the various related actions (*see* ECF No. 40 at p. 2), that fact gives little weight to the appropriate venue. Not only are such reports unconfirmed at this stage, but MDLs have, in many cases, been sent to districts that are different from the one in which related federal criminal cases are conducted. *See, e.g., In re Packaged Seafood Products Antitrust Litig.,* Case No. 3:15-md-2670, S.D. Cal. (compare with *U.S. v. StarKist Co.*, Case No. 3:18-cv-513, N.D. Cal. and *U.S. v. Bumble Bee Foods,* LLC, Case No. 3:17-cr-249, N.D. Cal., where the criminal cases were filed in and run out of the Northern District of California).

Judge Tanya Walton Pratt of the Southern District of Indiana, the judge assigned to the Movant's action, is a highly-respected jurist. Judge Pratt does not appear to have previously been assigned an MDL. The Southern District of Indiana has only one other pending MDL at the moment, while the Northern District of Illinois currently has twelve. The Western District of Wisconsin has no pending MDLs, but it is also home to just two judges not on senior status. The Southern District of Indiana is home to greater judicial resources and staff than the Western District

2

of Wisconsin, and will be able to more efficiently manage this MDL. As This Panel noted as recently as October, assigning MDLs to underutilized districts "offers an opportunity. . .to manage the litigation efficiently." *In re Archery Products Antitrust Litig.*, 2025 WL 2937322 at *2 (Oct. 15, 2025).

Dated: December 23, 2025

By:     */s/ Carl V. Malmstrom*
    Carl V. Malmstrom
    **WOLF HALDENSTEIN ADLER**
     **FREEMAN & HERZ LLC**
    111 West Jackson Blvd., Suite 1700
    Chicago, IL 60604
    Telephone: (312) 984-0000
    Facsimile:  (212) 686-0114
    malmstrom@whafh.com

    ***Attorney for Plaintiffs Mary Hudson and Amy Sparrow***