BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: Shell Eggs Antitrust Litigation | MDL No. 3175 |

**INTERESTED PARTY RESPONSE IN SUPPORT OF MOTION FOR TRANSFER**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiff Taylor Egg Products, Inc. ("Plaintiff") (*Taylor Egg Prods., Inc. v. Cal-Maine Foods, Inc.*, No. 1:25-cv-02554-MPB-MJD (S.D. Ind.)), by and through counsel, respectfully submits this interested party response in support of the pending Motion for Transfer and Coordination or Consolidation, Dkt. No. 1, in the above-captioned litigation.[1]

**BACKGROUND**

On November 19, 2025, Plaintiff King Kullen Grocery Co., Inc. ("Movant") moved for transfer and coordination or consolidation of the Related Actions[2] to the U.S. District Court for the Southern District of Indiana. Dkt. No. 1. All parties that have responded to the Motion in the MDL agree that the Panel should centralize and transfer the Related Actions.[3] *See* Dkt. Nos. 1, 35, 36, 38, 39, 40, and 52. The parties disagree, however, on the appropriate transferee district.

---

[1] For the avoidance of doubt, Plaintiff Taylor Egg Products, Inc. and Movant King Kullen Grocery Co., Inc. are represented by the same counsel. Unless otherwise noted, all citations to "Dkt. No. __" refer to the docket in the above-captioned litigation, *In re Shell Eggs Antitrust Litig.*, No. 3175 (J.P.M.L.).

[2] The "Related Actions" are the cases listed on the Schedule of Related Actions filed with Movant's Reply in Support of Motion for Transfer and Coordination or Consolidation, Dkt. No. 47-2, as well as an additional case filed on December 30, 2025, in the Western District of Missouri, *Ryan v. Cal-Maine Foods, Inc.*, No. 4:25-cv-00999 (W.D. Mo.).

[3] Of the Defendants, only Opal Foods, Inc. has not responded to the Motion. The plaintiff in *Ryan v. Cal-Maine Foods, Inc.*, No. 4:25-cv-00999 (W.D. Mo.), has also not yet responded to the Motion.

Specifically, twelve parties, including Plaintiff, support transfer to and consolidation of the proceedings in the Southern District of Indiana,[4] nine parties support transfer to and consolidation of the proceedings in Western District of Wisconsin,[5] and three parties support transfer to and consolidation of the proceedings in the Northern District of Illinois.[6]

## ARGUMENT

Plaintiff expressly adopts the arguments raised by Movant in its Memorandum of Law in Support of Motion for Transfer and Coordination or Consolidation, Dkt. No. 1, and Reply in Support of Motion for Transfer and Coordination or Consolidation, Dkt. No. 47. Plaintiff agrees that centralization and transfer are warranted and respectfully submits that the U.S. District Court for the Southern District of Indiana is the most appropriate transferee district.

When determining the appropriate transferee district, the Panel considers a variety of factors, including: (1) whether the District is a convenient and accessible venue for nationwide litigation and geographically central for involved parties; (2) the location of relevant documents and witnesses; (3) the parties' preferences; and (4) the experience of the transferee judge and whether the judge has not yet been afforded the opportunity to handle multidistrict litigation. *See, e.g.*, *In re Concrete & Cement Additives Antitrust Litig.*, 730 F. Supp. 3d 1381, 1382 (J.P.M.L. 2024). These factors weigh in favor of transfer to the Southern District of Indiana.

*First*, the Southern District of Indiana is convenient and accessible for nationwide litigation and geographically central for involved parties. *See* Dkt. No. 1-1 at 8. The Indianapolis federal courthouse is located closer to the majority of Defendants' principal places of business than the

---

[4] *See* Dkt. Nos. 1, 36, and 52.

[5] *See* Dkt. Nos. 35 and 39.

[6] *See* Dkt. Nos. 38 and 40.

courthouses of the other two proposed transferee districts are. *See* Dkt. No. 47-1. Additionally, Indianapolis provides the accessibility of a metropolitan area without the congestion and expense found in Chicago. Madison, Wisconsin, has only a regional airport with limited flights, and it is located farther from the Defendants' principal places of business on average as the crow flies than Indianapolis is. Dkt. No. 47 at 13, 47-1 at 3. Notably, while Plaintiffs who favor transfer to other district courts assert that their preferred districts would be more accessible to Defendants, *see, e.g.*, Dkt. No. 40 at 6-7, Defendants themselves prefer the Southern District of Illinois for its convenience and cost-efficiency. *See* Dkt. No. 36 at 2-5.

*Second*, the second largest egg producer Defendant, Rose Acre Farms, Inc., is headquartered in the Southern District of Indiana. Indiana is one of the top five egg-producing states in the country and therefore provides a factual nexus to the allegations in the Related Actions. *See* Dkt. No. 1-1 at 8. The Defendants have also explicitly stated that pertinent witnesses and evidence will be located in or near Indiana. Dkt. No. 36 at 4.

*Third*, the majority of parties, including eight of the nine Defendants,[7] supports transfer to the United States District Court for the Southern District of Indiana. *See* Dkt. No. 47 at 2.

*Fourth*, the Southern District of Indiana has favorable docket conditions. *See* Dkt. No. 1-1 at 9; Dkt. No. 47 at 11-13. It is an underutilized district, with just one pending MDL[8] and a

---

[7] Defendants—Cal-Maine Foods, Inc., Rose Acre Farms, Inc., Versova Holdings, LLC, Hillandale Farms (comprised of Hillandale Farms of PA, Inc.; Hillandale-Gettysburg, LLC, Hillandale Farms East, Inc., Hillandale Farms, Inc., and Hillandale Farms Corporation), Urner Barry Publications, Inc. (d/b/a Expana), Egg Clearinghouse, Inc., United Egg Producers, and Daybreak Foods, Inc.—support consolidation and transfer to the Southern District of Indiana. Opal Foods, Inc. did not respond.

[8] UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION, MDL Statistics Report - Distribution of Pending MDL Dockets by District, United States Judicial Panel on Multidistrict Litigation (Dec. 2, 2025), https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-December-2-2025.pdf.

decreasing number of pending civil cases.[9] It also has the resources to handle a large multidistrict litigation.

*Finally*, Judge Tanya Walton Pratt, who is assigned to the first-filed action brought by Movant, is an experienced, capable jurist who has not yet had the opportunity to oversee an MDL. *See* Dkt. No. 47 at 13.

Dated: January 5, 2026

Respectfully submitted,

*/s/ Robert J. Gralewski, Jr.*
Robert J. Gralewski, Jr.
**KIRBY McINERNEY LLP**
1420 Kettner Boulevard, Suite 100
San Diego, CA 92101
(858) 834-2044
bgralewski@kmllp.com

David E. Kovel
Thomas W. Elrod
Lauren Wands
James Isacks
**KIRBY McINERNEY LLP**
250 Park Avenue, Suite 820
New York, NY 10177
(212) 371-6600
dkovel@kmllp.com
telrod@kmllp.com
lwands@kmllp.com
jisacks@kmllp.com

Gregory S. Asciolla
Alexander E. Barnett
Jonathan S. Crevier
Carrie A. Syme
Hannah Grace

---

[9] UNITED STATES COURTS, Table C. U.S. District Courts—Civil Cases Commenced, Terminated, and Pending During the 12-Month Periods Ending June 30, 2024 and 2025, https://view.officeapps.live.com/op/view.aspx?src=https%3A%2F%2Fwww.uscourts.gov%2Fsites%2Fdefault%2Ffiles%2Fdocument%2Fstfj_c_630.2025.xlsx&wdOrigin=BROWSELINK.

**DICELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, New York 10017
(646) 933-1000
gasciolla@dicellolevitt.com
abarnett@dicellolevitt.com
jcrevier@dicellolevitt.com
csyme@dicellolevitt.com
hgrace@dicellolevitt.com

Heidi M. Silton
Jessica N. Servais
Joseph C. Bourne
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota 55401
(612) 339-6900
hmsilton@locklaw.com
jnservais@locklaw.com
jcbourne@locklaw.com

Irwin B. Levin
Scott D. Gilchrist
Edward B. Mulligan V
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
(317) 636-6481
ilevin@cohenandmalad.com
sgilchrist@cohenandmalad.com
nmulligan@cohenmalad.com

Jonathan M. Flagg
**FLAGG LAW, PLLC**
93 Middle Street
Portsmouth, NH 03801
(603) 766-6300
jflagg@flagglawfirm.com

*Attorneys for Taylor Egg Products, Inc.*

5